IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ROBERT HADLEY GROSS, §
 §
 Movant, §
 § Civil Action No. 6:16-CV-071-D
VS. § (Criminal No. 6:14-CR-38-J(1))
 §
UNITED STATES OF AMERICA, §
 §
 Respondent. §

MEMORANDUM OPINION
AND ORDER

Before the court is the United States Magistrate Judge's February 27, 2019 findings, conclusions, and recommendation and movant Robert Hadley Gross's ("Gross's") March 13, 2019 objections. After making an independent review of the pleadings, files, and records in this case, and the findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct in part. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted in part, and, to the extent the court disagrees with the magistrate judge's findings, conclusions, and recommendation, the case is re-referred to the magistrate judge for further proceedings.

I

Without suggesting that the court agrees in every respect with the magistrate judge's analysis, the court concludes on plain error review[1] that the magistrate judge is correct in

---

[1] In his March 13, 2019 objections, Gross does not object to the magistrate judge's findings, conclusions, or recommendation on this ground of his § 2255 motion.

recommending that the court deny Gross's motion for relief under 28 U.S.C. § 2255 on the ground that the pretrial restraint of his untainted assets denied Gross his right to counsel of choice within the meaning of *Luis v. United States*, ___ U.S. ___, 136 S.Ct. 1083 (2016). It is therefore ordered that the recommendation of the United States Magistrate Judge is adopted as to this ground of Gross's motion.

II

Gross also seeks relief under § 2255 on the ground that his appointed trial counsel, Sherylynn A. Kime-Goodwin, Esquire ("Kime-Goodwin"), was ineffective for failing to file an appeal as instructed[2] and for failing to properly consult with Gross about an appeal.

A

The Sixth Amendment guarantees "reasonably effective" legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To show ineffective assistance, the two-prong *Strickland* test requires a defendant to show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) such deficient performance prejudiced the defendant." *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000)). "In *Roe v. Flores-Ortega*, the Supreme Court elucidated how the *Strickland* test applies in the context of counsel's failure to file an appeal 'when the defendant has not clearly conveyed his wishes [regarding an appeal] one

---

[2]The court concludes on plain error review that the magistrate judge is correct in concluding that Gross failed to carry his burden of showing by a preponderance of the evidence that he told and/or instructed Kime-Goodwin to file a notice of appeal. Gross does not object to this finding and conclusion in his March 13, 2019 objections.

way or the other.'" *Id.* (alteration in original) (quoting *Flores-Ortega*, 528 U.S. at 477).

Under *Flores-Ortega* the first *Strickland* prong begins with the question whether counsel "consulted" with the defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 478. "'Consulting' is a term of art that means 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Pham*, 722 F.3d at 323 (quoting *Flores-Ortega*, 528 U.S. at 478). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478.

"If, however, counsel failed to consult with the defendant about an appeal, then the question is whether that failure was unreasonable because it breached the duty to consult." *Pham*, 722 F.3d at 324. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. "The existence of a duty to consult is assessed in light of 'all the information counsel knew or should have known.'" *Pham*, 722 F.3d at 324 (citing *Flores-Ortega*, 528 U.S. at 480). "Whether the conviction followed a trial or a guilty plea is 'highly relevant,' although not determinative, as is whether the defendant waived his right to appeal and whether he received a sentence for which he bargained." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). "The Supreme Court predicted that district courts

would find a duty to consult 'in the vast majority of cases.'" *Id*. (quoting *Flores-Ortega*, 528 U.S. at 481).

B

In her findings, conclusions, and recommendation, the magistrate judge determined that Kime-Goodwin had sufficiently consulted with Gross regarding an appeal. The magistrate judge found that

> Ms. Kime-Goodwin's discussion of appellate rights *pre-sentencing*, combined with the Court's discussion and Gross's understanding of appellate rights during sentencing *and* Ms. Kime-Goodwin's contact with the defendant immediately following sentencing, all indicate that Gross could have intelligently and knowingly asserted his right to an appeal if he had wanted to do so. The Court finds that Gross, however, realized there was "nothing to gain," by an appeal as discussed at the January 11, 2016 in-person meeting with his attorney post-sentencing.

Mag. J. Rec. at 14.

Although, following *de novo* review, the court does not disagree with the magistrate judge's conclusion that Kime-Goodwin "consulted" with Gross regarding his right, generally, to file an appeal, the court is unable to conclude on the present record that Kime-Goodwin sufficiently "consulted" with Gross regarding an appeal of the $100,000 fine. In fact, the record suggests, and the government does not argue otherwise, that Kime-Goodwin never discussed with Gross the advantages and disadvantages of taking an appeal of the $100,000 fine and never made any effort to discover Gross's wishes regarding an appeal based on that

component of his sentence.[3]

C

Having concluded that Kime-Goodwin did not consult with Gross regarding the advantages and disadvantages of appealing the $100,000 fine, the court must next consider whether Kime-Goodwin had a duty to do so.[4] Under *Flores-Ortega*

---

[3]In his objections, Gross appears to argue that Kime-Goodwin failed to "consult" with him because she did not discuss the procedure and time limits involved in filing an appeal or Gross's right to appointed counsel on appeal. *See* Objs. 5-6, 9. Assuming *arguendo* that Kime-Goodwin failed to consult with Gross on these matters and that she had a duty to do so, Gross has failed to establish that he was prejudged as a result of the alleged failure to consult regarding the procedure, time limits, or right to counsel on appeal. Gross presented no evidence that he would have timely filed an appeal had he been informed of the proper procedure or time limits or had he been informed of his right to appointed counsel on appeal.

[4]In *Flores-Ortega* the Court rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal," noting that such a holding would be inconsistent with *Strickland* and common sense. *Flores-Ortega*, 528 U.S. at 479-80. The Court explained:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment *as expected* and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and *counsel concludes that there are no nonfrivolous grounds for appeal*. Under these circumstances, it would be difficult to say that counsel is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal.

*Id.* at 479 (emphasis added)(citation omitted). Unlike the hypothetical posed by the Court in *Flores-Ortega*, there is no indication here that the $100,000 fine was an expected component of the sentence, and, moreover, as discussed below, *see infra* § II(C), Gross contends that he has at least two non-frivolous grounds for appeal.

- 5 -

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think *either* (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Flores-Ortega*, 528 U.S. at 480 (emphasis added).

The magistrate judge did not specifically conclude, under the second prong of *Flores-Ortega*, that Gross did not reasonably demonstrate to counsel that he was interested in appealing. But she did make sufficient factual findings, to which Gross does not object, to support such a conclusion.[5] Having conducted *de novo* review, the court adopts the magistrate judge's findings and concludes, based on the credible evidence, that Gross did not reasonably demonstrate to Kime-Goodwin that he was interested in filing an appeal.

The court's analysis, however, does not end here. A constitutionally-imposed duty to consult may *independently* arise if there is reason to think, on an objective basis, that a rational defendant in Gross's position would want to appeal.[6] *Id.* And *Flores-Ortega*

---

[5]For example, the magistrate judge noted that "both [Kime-Goodwin and FPD appellate counsel Brandon Beck, Esquire ("Beck")] indicated that Gross never expressed a desire to appeal, asked about appeal, or otherwise indicated dissatisfaction with the plea deal or sentence" during telephonic conversations with Gross after his sentencing, and found the testimony of Kime-Goodwin and Beck to be more credible than Gross's testimony to the contrary. Mag. J. Rec. at 12.

[6]This prong of *Flores-Ortega* incorporates an objective "rational defendant" standard and does not consider whether the defendant in the particular case indicated any desire to appeal. *See United States v. Sturgill*, 2018 WL 6003864, at *2 (E.D. Ky. Nov. 15, 2018) ("The 'rational defendant' standard is objective, not based on whether Mr. Sturgill himself would want to appeal a decision."); *see also Lara-Ortiz v. United States*, 2017 WL 4570378, at *6 (S.D. Tex. June 21, 2017) (describing second prong of *Flores Ortega* as an "objective

suggests that a rational defendant would want to appeal if there were non-frivolous grounds for doing so. *Id.*; *see also Lara-Ortiz v. United States*, 2017 WL 4570378, at *7 (S.D. Tex. June 21, 2017) ("Neither the Supreme Court, nor the Fifth Circuit Court of Appeals, have ever expressly set out the standard to apply in considering what a hypothetical rational defendant would want to do. The Supreme Court has, however, noted that a rational defendant would want to appeal if there are 'non-frivolous grounds' for appeal. Other factors to consider are: whether the defendant pled guilty; received a sentence that was bargained for in the plea agreement; and whether the defendant waived some or all of his appellate rights." (citations omitted)), *rec. adopted*, 2017 WL 4539843 (S.D. Tex. Oct. 11, 2017); *Valletto v. United States*, 195 F.Supp.2d 643, 646 n.3 (D.N.J. 2002) (noting that in the "'objective' determination, the Supreme Court indicated that the most important consideration is the presence or absence of non-frivolous grounds for appeal," and that "[i]n this case, there are, almost without question, non-frivolous grounds for appeal," but deciding case on subjective inquiry under *Flores-Ortega* because " the Court is unable, based on the record currently before it, to determine the non-frivolousness of the[] asserted errors").

Gross contends that he has at least two non-frivolous grounds for appealing the fine in this case:

> First, Gross could have argued that the fine was procedurally and substantively unreasonable. Procedurally, the Court was required to consider a host of factors before imposing the $100,000 fine. U.S.S.G. § 5E1.2(d)(1)-(8) & (e). The

---

standard"), *rec. adopted*, 2017 WL 4539843 (S.D. Tex. Oct. 11, 2017).

> sentencing transcript does not reflect the Court's stated consideration of the § 5E1.2(d) & (e) factors. Moreover, the Court's decision to waive statutory interest on the fine was inconsistent with a finding of financial ability to pay and may also have constituted procedural error. . . . Gross could have also argued that the fine was substantive[ly] unreasonable. . . . Gross could have additionally argued that the fine was unconstitutional in light of *Southern Union Co. v. United States*, 567 U.S. 343 (2012). *Southern Union* held that it is a violation of the Sixth Amendment to impose a fine in excess of the statutory maximum. While the fine in Gross's case was not in excess of the statutory maximum, . . . Gross could have made a nonfrivolous argument for the extension of *Southern Union* to any facts that were used to increase the fine beyond zero.

Objs. 10-13.[7] In her findings, conclusions, and recommendation, the magistrate judge did not address these allegedly non-frivolous ground for appeal or consider whether a rational defendant in Gross's position would have wanted to file an appeal based on any such grounds.

D

Accordingly, the court re-refers this matter to the magistrate judge for a determination of whether there is reason to think that a rational defendant in Gross's position would have wanted to appeal in this case, for example, because there are non-frivolous grounds for appeal. *See Flores-Ortega*, 528 U.S. at 480. And because a finding that there are non-frivolous grounds for appeal may impact the court's conclusion regarding prejudice, *see, e.g., id.* at 485-86 ("We recognize that the prejudice inquiry we have described is not wholly

---

[7]The court neither suggests nor decides that any of Gross's proffered "non-frivolous" grounds for appeal is, in fact, non-frivolous. In particular, the validity of his argument based on *Southern Union* appears to be especially dubious. But that is not his only asserted ground.

dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal."), the court also re-refers this matter to the magistrate judge for a determination of whether Gross has established prejudice. *See, e.g., United States v. Gentry*, 429 F.Supp.2d 806, 814 (W.D. La. 2006) ("Counsel argued that a duty arose nonetheless because a rational defendant would want to appeal because, if properly and effectively advised, he would be aware of the non-frivolous ground for appeal with respect to the loss issue that could reduce the guidelines range by several months. The undersigned agrees that, given the length of the sentence imposed and the nonfrivolous ground for appeal, counsel had a duty under the circumstances to consult with his client about an appeal and determine with certainty his client's wishes on the subject. . . . [And] [j]ust as the existence of that ground helped give rise to a duty to consult, it also establishes prejudice because a client made aware of that ground and counseled about an appeal would have wanted to appeal."), *rec. adopted*, 429 F.Supp.2d 806 (W.D. La. 2006).

\* \* \*

For the reasons explained, the court adopts in part the magistrate judge's findings, conclusions, and recommendation that Gross's motion for relief under 28 U.S.C. § 2255 be denied on the ground that the pretrial restraint of his untainted assets denied Gross his right to counsel of choice within the meaning of *Luis*. The court otherwise declines to adopt the recommendation and re-refers this matter to the magistrate judge for further proceedings. Without limiting the magistrate judge's discretion concerning how to proceed, the court

specifically directs the magistrate judge, using an objective standard, to consider whether a reasonable defendant in Gross's position would have wanted to appeal based on the existence of non-frivolous grounds for appeal and whether, considering the existence of any non-frivolous grounds for appeal, Gross has sufficiently demonstrated prejudice.

**SO ORDERED**.

July 29, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE