IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT HADLEY GROSS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:16-cv-00071-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

The United States Magistrate Judge issued findings and conclusions and recommended denying Robert Hadley Gross's Motion to Vacate, Set Aside or Correct Sentence. *See* FCRs, ECF No. 62. Before the Court is Gross's Objections to the abovementioned findings, conclusions and recommendations (ECF No. 62), filed December 26, 2019. Having considered the FCRs, briefing, and applicable law, the Court concludes that Gross's Objections should be and hereby are **OVERRULED**. The Court accepts the U.S. Magistrate Judge's recommendations and **DENIES** Gross's Motion to Vacate.

## BACKGROUND

On October 15, 2014, Gross was charged by indictment with multiple counts of the felony offense of Health Care Fraud in violation of 8 U.S.C. § 1347. *See United States v. Robert Hadley Gross,* No. 6:14-CR-38. Criminal Case ECF No. 1. On October 16, 2014, an initial appearance was held before United States Magistrate Judge E. Scott Frost, and Gross was represented at said hearing by retained counsel, Mr. John Young, Esq. *See id.*,

ECF No. 5. On October 27, 2014, Gross was arraigned before United States Magistrate Judge Nancy M. Koenig, while he was still represented by Mr. Young. *See id.* ECF No. 10. On October 28, 2014, Mr. Young filed a Motion to Withdraw as Attorney prior to the hearing on the Government's motion to detain. *See id.* ECF No. 14. Mr. Young's motion cited Gross's inability to afford retained counsel after seizure of his assets. *Id*. The motion to withdraw as attorney was granted (ECF No. 15), and on the same date Judge Koenig appointed the Federal Public Defender's Office ("FPD") to represent Gross. Ms. Sherylynn A. Kime-Goodwin, Esq. filed her notice of appearance that same day. *See id.* ECF Nos. 16, 18. Thus, Gross was represented by retained counsel in this matter solely for his initial appearance and arraignment.

On November 10, 2014, the FPD filed a Motion to Declare Complex Litigation based on the difficulty and expansiveness of the case, which was granted by United States District Judge Sam Cummings. *See id.* ECF Nos. 29, 31. On August 4, 2015, Gross filed a motion to recuse Judge Cummings after his rejection of the Plea Agreement, which was later granted based on possible interference with plea negotiations during the Judge's rejection of the Plea Agreement. *See* ECF Nos. 81, 83–84. The case was reassigned to the Amarillo Division and to United States Senior District Judge Mary Lou Robinson.

On September 23, 2015, a Plea Agreement and Factual Resume was filed, and a re-arraignment hearing was held. *See* ECF Nos. 85–86. Judge Robinson accepted the Plea Agreement and Factual Resume which did not include a waiver of Gross's appellate rights agreement. *See* ECF No. 89. Pursuant to the written Plea Agreement, Gross acknowledged the maximum penalties the Court could impose, stated he understood the Court would

impose the sentence after consideration of the United States Sentencing Guidelines, and that the guidelines were not binding on the Court. *See* ECF No. 119. Gross also acknowledged he had reviewed the guidelines with counsel but understood no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case, acknowledged he would not be allowed to withdraw his plea if his sentence was higher than expected, and that he fully understood the actual sentence imposed was solely in the discretion of the Court. *Id.* Gross averred not only that there had been no guarantees or promises from anyone as to what sentence the Court would impose, but also that he had thoroughly reviewed all legal and factual aspects of his case with his lawyer and was fully satisfied with his attorney's legal representation. *Id*.

On December 16, 2015, Gross was convicted of a single count (number 11) of Health Care Fraud and sentenced to a term of 71 months of incarceration in the Bureau of Prisons with a three-year term of supervised release to follow. *See* ECF No. 98–99. Pursuant to the Plea Agreement, the Government moved to dismiss counts 1–10 and counts 12–52 of the Indictment. *Id*. Gross was also ordered to pay $1,832,869.21 in restitution and allowed to use forfeited and seized funds to pay the restitution. *Id*. An additional $100,000 fine was imposed. *Id*. Property seized pursuant to pre-trial forfeiture notices was ordered forfeited as part of the Final Order of Forfeiture issued on March 23, 2016, and the Amended Final Order of Forfeiture issued June 1, 2016. *See* ECF Nos. 110, 113. Money from a T. Rowe Price Account Number XXXXXXX569-8 was eventually returned as part of the negotiated terms of the guilty plea. At the sentencing hearing, the District Judge advised Gross of his appeal rights. *See* ECF No. 98, 120. The court entered Judgment that

same date. *See* ECF No. 99. Gross did not appeal his conviction and sentence to the United States Court of Appeals for the Fifth Circuit.

On December 19, 2016, Gross filed his original motion to vacate his sentence in the instant action styled *Robert Hadley Gross v. United States* and numbered 6:16-CV-071. *See* ECF No. 1. Gross contends that he wished to appeal his sentence, but that his defense counsel was constitutionally ineffective for failing to recognize and advise Gross of a nonfrivolous basis for appeal. On May 9, 2017, the Government filed its original response in opposition to Gross's motion. *See* ECF No. 14. Gross filed a reply to the Government's response. *See* ECF No. 25. Mr. Brandon Sample, Esq. entered his appearance on behalf of Gross and the Court allowed Gross to file an Amended Motion to Vacate, the instant Motion, and allowed further briefing from the parties. *See* ECF Nos. 37–38. The Government filed its second response on August 27, 2018. *See* ECF No. 44. Gross filed a reply on September 17, 2018. *See* ECF No. 46.

On February 27, 2019, Magistrate Judge Lee Ann Reno issued her findings, conclusions and recommendations. *See* ECF No. 57. On July 20, 2019, Senior Judge Sidney A. Fitzwater adopted in part and re-referred in part Judge Reno's findings, conclusions, and recommendations. *See* ECF No. 59. On December 12, 2019, Judge Reno issued her supplemental findings, conclusions and recommendations. *See* ECF No 62. On December 26, 2019, Gross filed a number of objections to Judge Reno's findings, conclusions, and recommendations. *See* ECF No. 63. The FCRs and Gross's objections are now ripe for review.

## ANALYSIS

**A.     First Objection**

Gross's first objection is that Magistrate Judge Reno used the wrong test in determining that his appeal was frivolous. *See* Def.'s Objections ("Objections") at 5. The main issue that the Court must resolve is whether Gross's defense counsel was constitutionally ineffective for failing to recognize and advise Gross of a nonfrivolous basis for appeal. *"Strickland v. Washington* [, 466 U.S. 668 (1984)] provides the proper framework for evaluating a claim that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Under *Strickland,* a defendant must show *first* that counsel's representation "fell below an objective standard of reasonableness," and *second* that counsel's deficient performance prejudiced the defendant. 466 U.S. at 669. Furthermore, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. In addition, the Court in *Strickland* stated that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*.

Instead of following the standard laid out in *Strickland*, Gross proposes that the Court determine whether his counsel scoured the record in search of any nonfrivolous issue to appeal and then advised him of said appeal. *See* Objections at 5. This proposed test directly contravenes the standards established in *Strickland*. Gross goes as far to state that he was denied effective assistance of counsel because his counsel failed to raise a possible

5

extension of precedent in the context of a fine. *Id*, at 7. If this standard were to be upheld, then every defense counsel in very case would have a constitutional duty to raise possible extensions of precedent. That is an untenable position. Furthermore, the Fifth Circuit has established that counsel is only required to raise "[s]olid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999).

Gross fails to demonstrate in his objections that his counsel failed to meet the standards of effective counsel with regards to raising appeals elucidated by the Fifth Circuit and the Supreme Court of the United States. Therefore, the Court **OVERRULES** Gross's first objection.

**B.     Second Objection**

Gross next objects to Magistrate Judge Reno's application of the plain-error standard of review in evaluating whether his objections were frivolous. *See* Objections at 6. Gross cites to a case in the First Circuit where that court held that failure to request plain-error review by the government waives the ability of the court to use said standard. *United States v. Encarnacion-Ruiz*, 787 F.3d 581, 584 (1st Cir. 2015). While that might be the law in the First Circuit, the Fifth Circuit—the circuit in which this Court sits—has held that an appellate court may invoke the plain-error standard "sua sponte because no party has the power to control the [appellate court's] standard of review." *United States v. Duhon*, 541 F.3d 391, 394 (5th Cir. 2008) (internal quotations omitted). Therefore, if Gross were to have raised his objections on appeal, his arguments would have been subject to plain-error

review because he failed to object to the fine on any ground. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). As a result, the Court **OVERRULES** Gross's second objection.

C.  **Third Objection**

Gross next objects to Judge Reno's conclusion that he could not, on plain-error review, mount a substantive reasonableness challenge to the $100,000 fine. *See* Objections at 8. Gross first argues that a substantive reasonableness challenge to the fine should not be subject to plain-error review. In support of this argument, Gross states that "while the Fifth Circuit requires a specific substantive unreasonableness objection to avoid plain-error review on appeal, it is the only circuit to do so." *See* Objections at 9. As Fifth Circuit precedent is binding on this Court, the Court is disinclined to ignore it.

Gross then argues that "it would not be frivolous to argue that the $100,000 fine was substantively unreasonable" given his lengthy prison sentence, $1.8 million restitution order, and the waiver of interest on the fine. *See* Objections at 12. While these facts are true, Gross fails to consider other factors that make his argument frivolous, such as the fact that his carefully crafted and complex plea agreement specifically contemplated that the Court might impose a fine and actually designated a portion of the $500,000-plus dollars earmarked for return toward satisfying any such fine. *See Criminal Case*, ECF No. 86. Moreover, on the face of his plea agreement, Gross was financially able to pay the fine, and the fine itself was well below the statutory maximum and well within the Court's broad sentencing discretion. *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 220-21 (5th Cir. 2015). Gross argues that dozens of other defendants have appealed similar fine, but he also admits that "the Fifth Circuit denied relief in each of these cases." *See*

Objections at 13. The Court believes that the failure of dozens of similar appeals demonstrates that Gross's counsel met the threshold of effective service even though she did not raise this appeal with her client. Therefore, the Court **OVERRULES** Gross's third objection.

**D.     Fourth Objection**

Gross objects to Judge Reno's conclusion that a rational defendant would not want to appeal because "Gross pled guilty and received the sentence he bargained for." *See* Objections at 13. While it is true that Gross did not agree to pay a specific-dollar amount for a fine, he did plead guilty with the full understanding that the district judge retained the discretion to impose a fine up to $250,000, and he did make a specific agreement in his plea agreement to pay any such fine with designated funds. *See* Criminal Case ECF No. 86. Gross received everything he bargained for, including a plea agreement, which the government characterized as so favorable that the prior district judge had refused to accept it. On these facts, Judge Reno correctly concluded that a reasonable defendant would not have wanted to appeal and therefore Gross's counsel met the threshold of effective service even though she did not raise this possible appeal with her client. Therefore, the Court **OVERRULES** Gross's fourth objection.

**E.     Certificate of Appealability**

Lastly, Gross requests that if the Court adopts the Magistrate Judge's conclusions and recommendations it should also issue a certificate of appealability. Having considered this request, it is hereby **DENIED.**

## CONCLUSION

Following the Court's review of the FCRs, record, and objections, the Court finds that the FCRs are correct. Accordingly, Gross's Objections are hereby **OVERRULED**. Judge Reno's recommendations are hereby **ADOPTED** and this action is **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **28th day** of **January, 2020.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE